UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL BALLESTEROS,

     Plaintiff,

v.                                CASE NO:

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, ("Walmart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Lee County, Florida, Case No. 2019-CA-6596, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I.    BACKGROUND

1.    On or about October 7, 2019, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East, LP, in the 20th Judicial Circuit Court in and for Lee County, Florida. *See* Pl.'s Compl. attached as Ex. "A." The Complaint was served on Wal-Mart Stores East LP, on October 14, 2019.

2.    Plaintiff MICHAEL BALLESTEROS, alleges a claim for negligence against Walmart as a result of injuries he allegedly sustained on May 24, 2018 when

he slipped and fell at the Walmart store located at 1619 Del Prado Boulevard South in Cape Coral, Florida 33990.

3.      Specifically, the Plaintiff alleges Walmart failed to maintain the premises when he "slipped and fell on water near the produce section..." *See* Ex. "A" at ¶ 4.

4.      Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

5.      Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Lee County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "B."

6.      Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.    <u>REMOVAL IS TIMELY</u>

7.      In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Defendant's Request for Admissions. Plaintiff's Response to Defendant's Request for Admissions is the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was removable. The thirty (30) day period commenced on November 14, 2019, when Plaintiff served Walmart with the Plaintiff's Response to Defendant's Request for Admissions.

8.     Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Lee County, where Plaintiff filed his state court Complaint against Walmart, is located within the Middle District of Florida.

### III.    THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

9.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

10.     Wal-Mart Stores East, LP, was at the time of the alleged incident, and is currently, a Delaware limited partnership.

11.     WSE Management, LLC is the general partner and WSE Investments, LLC, is the limited partner of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

12.     The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

13.     The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

14.     Wal-Mart Stores, Inc. is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

15.     The principal place of business for all of the above entities (Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

16.     Hence, Defendant, Wal-Mart Stores East, LP is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

17.     Plaintiff is a citizen of the State of Florida residing in Lee County, Florida.  Plaintiff is a not a citizen of Delaware or Arkansas.

18.     Plaintiff's Complaint specifically states that Plaintiff is a resident of Lee County, Florida. *See* Ex. "A" at ¶ 2.

19.     Further, in his sworn Answers to Interrogatories, Plaintiff identifies his true fixed permanent home as North Fort Myers, Florida 33903. *See* Plaintiff's Response to Defendant's Interrogatories attached as Ex. "C".

20.     The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002).  Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of

returning whenever he is absent therefrom." <u>Sunseri v. Macro Cellular,</u> 412 F. 3d 1247, 1249 (11th Cir. 2005).

21.    Plaintiffs' domicile in Lee County, Florida is equivalent to his citizenship for purposes of establishing diversity. <u>McCormick</u> at 1257.

22.    Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.    AMOUNT IN CONTROVERSY

23.    The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

24.    Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages in excess of $15,000.00" (Ex. A, ¶1) – a review of the full Complaint, Plaintiff's Response to Defendant's Request for Admissions, Plaintiff's Response to Defendant's Interrogatories, and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.

25.    Plaintiff alleges in his Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff MICHAEL BALLESTEROS suffered "bodily injury and disability, emotional and physical pain and suffering, loss of capacity for the enjoyment of life, loss of wages in the past and future, the loss of ability to earn wages in the future, and the expense of medical care and treatment in the past and

future. The losses aforesaid are either permanent or continuing in nature, and the Plaintiff, MICHAEL BALLESTEROS, will continue to suffer such losses in the future." Ex. "A," ¶11.

26.   On November 14, 2019, Plaintiff served his response to Defendant's Request for Admissions, wherein he admits that he is seeking damages in excess of $75,000.00. *See* copy of Plaintiff's Response to Defendant's Request for Admissions attached as Ex. "D".

27.   According to Plaintiff's medical records received to date, Plaintiff has incurred a C5-6 disc herniation with spinal cord compression and nerve root compression resulting in radiculopathy which resulted in a cervical fusion. Based upon the medical records, Plaintiff has incurred medical bills in excess of $229,026.51.

28.   Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, Plaintiff's Response to Request for Admissions as well as a review of Plaintiff's medical records and alleged injuries indicates that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Jennings v. Powermatic, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014),* (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy).

29.   Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence

that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

30.   "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

31. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, Plaintiff's Response to Request for Admissions, Plaintiff's Response to Defendant's Interrogatories, and asserted medical bills, the amount in controversy exceeds the requisite $75,000.00. Medical bills received to date indicate that Plaintiff has incurred at least $229,026.51 in medical bills. This does not take into account Plaintiff's alleged future compensatory damages, nor Plaintiff's past and future non-compensatory damages – "bodily injury and disability, emotional and physical pain and suffering, loss of capacity for the enjoyment of life, loss of wages in the past and future, the loss of ability to earn wages in the future, and the expense of medical care

and treatment in the past and future. The losses aforesaid are either permanent or continuing in nature, and the Plaintiff, MICHAEL BALLESTEROS, will continue to suffer such losses in the future." Ex. "A," ¶11.

32.    Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company,* 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014).

33.    Notwithstanding, in *Jennings v. Powermatic,* No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000. *Id.*    Further, the plaintiff's response to request for admissions alone met the definition of an "other paper" under § 1446(c)(3)(A). *Id.* at *3. Thus, the court found the defendant established complete diversity and that the defendant established that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

34. Additionally, the court concluded that an affirmative response to a request for admission may establish the amount in controversy. *See, e.g., Diaz v. Big Lots Stores, Inc.,* Case No. 5:10–cv–319, 2010 WL 6793850 (M.D. Fla. Nov. 5, 2010). The removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. *Id.* at \*3. Here, Plaintiff's alleged damages as admitted in his Response to the Defendant's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V.   CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Lee County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2019-CA-6596, on the docket of the Court for the 20th Judicial Circuit in and for Lee County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders

and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

/s/Amanda J. Sharkey Ross
Amanda J. Sharkey Ross
Madison P. Allen

HEREBY CERTIFY that on _____12|13|19_____ I    electronically

filed the foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to the following:

Derek Lewis, Esquire
Florida Bar No. 91809
The Injury Firm
2000 NE 45th St.
Fort Lauderdale, Florida 33308
Telephone: 954.951.0000
Attorneys for Plaintiff
eservice@flinjuryfirm.com

/s/Amanda J. Sharkey Ross
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MADISON P. ALLEN
Florida Bar No. 1011247
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone:  239.344.1263
Fax:  239.344.1539
Attorneys for Defendant
Amanda.ross@henlaw.com
tracey.salerno@henlaw.com
madison.allen@henlaw.com
susan.peters@henlaw.com