# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MICHAEL BALLESTEROS,

    Plaintiff,

v.                                             Case No: 2:19-cv-881-SPC-NPM

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Walmart Stores East LP's *Daubert*[2] Motion (Doc. 33), Plaintiff Michael Ballesteros' response in opposition (Doc. 40), and Walmart's reply (Doc. 48). The Court denies the Motion.

## BACKGROUND

This is a slip-and-fall case. Ballesteros slipped and fell at Walmart. He says water on the floor caused the slip. His expert, David Gill, has expertise and knowledge about Walmart's flooring. Gill will testify the floor was wet,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

unduly susceptible to falls, and caused Ballesteros' fall. Walmart moves to exclude his testimony.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, a witness who is qualified as an expert may testify in the form of an opinion if: "(a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The trial judge serves as a gatekeeper—ensuring evidence is "not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

In determining the admissibility of expert testimony, the Court engages in a "rigorous" three-part inquiry. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). It must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). The basic requirements are also known as the qualification, reliability, and helpfulness prongs. *Id.* Though there is inevitable overlap

2

among the inquiries into each requirement, each requirement is a "distinct concept that courts and litigants must take care not to conflate." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). *Daubert* applies not only where an expert "relies on the application of scientific principles," but also where an expert relies "on skill- or experience-based observation." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999). The proponent of expert testimony always bears the burden of establishing admissibility. *Frazier*, 387 F.3d at 1244.

## DISCUSSION

Walmart argues that Ballesteros' proposed expert should "be precluded from offering any opinions at trial," challenging Gill's qualification, reliability, and helpfulness. (Doc. 33). The Court addresses each in turn.

### A. Qualification

Experts may be qualified in various manners, through knowledge, skill, experience, training, or education. *Frazier*, 387 F.3d at 1260–61. Any of these factors alone may provide a sufficient foundation for expert testimony. Fed. R. Evid. 702 advisory committee's note to 2000 amendment. "An expert is not necessarily unqualified simply because [his] experience does not precisely match the matter at hand." *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007) (citing *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001)).

3

Here, Walmart puts forward several reasons why it believes Gill is unqualified. The Court does not find them persuasive. First, Walmart argues that Gill does not have a postgraduate education. But a bachelor's in slip and falls isn't necessary. *See* Daubert, 509 U.S. 579; *see also* Fed. R. Evid. 702. Education can provide a sufficient foundation for expert testimony, but it is not dispositive on qualification. *Frazier*, 387 F.3d at 1260–61 (citing Fed. R. Evid. 702). So Gill's lack of a degree does not render him unqualified.

Second, Walmart contends Gill has no professional licenses relevant to this case. Not so. Gill has professional certifications from the National Safety Council, the National Floor Safety Institute, the University of North Texas Department of Engineering Technology, and the Walkway Management Group. He is certified to use a device measuring slip resistance. And Gill serves on ASTM subcommittees for traction and walkway surfaces.

Third, Walmart claims most of Gill's professional training is irrelevant to his investigation here. Again, the Court disagrees. Gill has received professional training from the American Society for Safety Professionals, the Tile Council of America, and the organizations listed above, which included training on VCT surfaces. Such training is relevant to the issue at hand.

Gill also has ample experience with slip and fall cases. Gill has been working in the field of slip and fall accidents for at least five years. He has

been retained as a slip-and-fall expert about forty times within the last five years, including once by Walmart. Walmart cannot have it both ways.

In short, Gill is qualified. So the Court turns to the next prong.

**B. Reliability**

In determining reliability, district courts generally consider:

(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

*McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). These factors are "illustrative, not exhaustive," and sometimes others may be more useful. *Frazier*, F.3d at 1262. Though use and importance of the factors are case-by-case questions, what is constant is the requirement that the judge, as gatekeeper, ensures an expert's testimony "rests on a reliable foundation" before it is admitted at trial. *Id.* at 1261 (quoting *Daubert*, 509 U.S. at 597). It is not the role of the district court to make determinations as to the persuasiveness of the proposed evidence; rather, the inquiry focuses on the methodology the proposed expert used in reaching his conclusions. *Quiet Tech*, 326 F.3d at 1341.

Walmart attacks Gill's testimony for lack of foundation because he neither knew there was water on the ground nor conducted tests. This is misplaced. The record is full of facts on which Gill could rely to testify that, if

5

wet, the flooring was unsafe. If Walmart challenges whether there was water on the ground—which it seemed to admit at summary judgment—Gill could testify (based on his expertise regarding coefficient of friction ("COF") and VCT flooring, along with record facts) there was liquid on the ground. *Williams v. Illinois*, 567 U.S. 50, 67 (2012); *see* Fed. R. Evid. 703. To be sure, it is the role of the jury to determine whether there was in fact water on the floor. But Gill has an adequate factual basis to testify on the matter.

What's more, the argument on lack of testing falls flat. While Gill did not perform a COF test, he could still testify about general properties of VCT flooring and perhaps a probable COF based on other data (provided it were admissible). *See Galarza v. Carnival Corp*, No. 15-24380-CIV-ALTONAGA/O'Sullivan, 2016 WL 7507883, at *3-4 (S.D. Fla. Aug. 8, 2016). Simply put, Gill's failure to test the floor's COF does not call his reliability into doubt.[3] Having concluded the testimony is reliable, the Court moves onto the last prong.

## C. Helpfulness

Expert testimony is helpful "if it offers something 'beyond the understanding and experience of the average citizen.'" *Frazier*, 387 F.3d at

---

[3] The Court will not address the parties' dispute over Walmart refusing an inspection. Ballesteros did not move to extend the deadline for expert disclosures. Nor did he move to compel an inspection. What's more, Walmart did not move to exclude testimony based on Gill's inspection. While Walmart addressed that in its reply brief, that is not the place to make new argument. If necessary, the parties can address this through a motion in limine.

1262 (quoting *United States v. Rouco,* 765 F.3d 983, 995 (11th Cir. 1985)). If proffered expert testimony "offers nothing more than what lawyers . . . can argue in closing arguments," it will not help the trier of fact. *Id.* at 1262–63. Helpfulness goes mostly to relevance. *Quiet Tech,* 326 F.3d at 1347. Expert testimony must "relate to an[] issue in the case." *Id.* (quoting *Daubert,* 509 U.S. at 591). Proffered expert testimony must also be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* (quoting *Daubert,* 509 U.S. at 591). This consideration has been "aptly described . . . as one of 'fit.'" *Id.* (quoting *Daubert,* 509 U.S. at 591).

Walmart contends that Gill's opinions are not helpful because they are "not based on any facts or evidence." (Doc. 33 at 12). Yet, as previously discussed, there is an adequate factual basis supporting Gill's testimony. So Walmart's claim that Gill's opinions rest on assumptions not supported by record evidence has no merit. There is evidence, apart from Gill's opinion, of the existence of the facts necessary to support the contention that water was on the floor: Ballesteros' testimony; the Walmart employee guarding the alleged spill area and notifying another associate to clean it up; and the use of a higher-absorbent mop in the alleged spill area.

Gill's testimony is relevant to the issue of whether VCT flooring is unreasonably slippery when wet. It is not, as Walmart claims, "nothing more than asserting that floors can become slippery when wet"; something that is

7

"not beyond the common understanding of the jury." (Doc. 33 at 13). The nature of Gill's proposed testimony is twofold. First, it is based on the theory that there was water on the floor, which depends on sufficient facts. Second, its substance is that VCT flooring of the type used by Walmart has a low COF, meaning slips are more susceptible to turning into falls, and that the way Ballesteros' foot slid and transitioned into a fall consistent with that theory. Gill's proposed testimony would help the jury on both bases. He has specialized knowledge of water' effect on the COF of VCT flooring. This is outside the knowledge of a layperson. And while juries might understand slipping without explanation, they would not know how the COF factored into Ballesteros' fall.

Walmart says Ballesteros failed to address this prong. It is mistaken. Ballesteros cites two binding cases for the proposition that COF testimony is helpful in a slip-and-fall case. *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1281-82 (11th Cir. 2015); *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193-94 (11th Cir. 2011). The Court agrees.

At bottom, Walmart attacks the weight and credibility of Gill's testimony. But those matters are left for cross examination, not a *Daubert* motion. *E.g.*, *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 850 (11th Cir. 2021).

Accordingly, it is now

**ORDERED:**

Defendant's *Daubert* Motion to Preclude the Testimony and Opinions of Plaintiff's Expert, David M. Gill (Doc. 33) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 1, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record