UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL BALLESTEROS,

    Plaintiff,

v.                                          CASE NO: 2:19-cv-00881-FtM-38NPM

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## DEFENDANT'S MOTION IN LIMINE REGARDING TESTIMONY OF PLAINTIFF'S LIABILITY EXPERT, DAVID M. GILL

COMES NOW, Defendant, WAL-MART STORES EAST, LP (hereinafter "Walmart"), by and through its undersigned counsel, hereby files this Motion in Limine to Exclude and Limit the Testimony, Opinions and "Data" of Plaintiff's Expert, David M. Gill, and moves this honorable Court for an Order to exclude evidence regarding all matters identified in Defendant's Memorandum of Law contained within this Motion.

### INTRODUCTION

This is a personal injury action brought by Plaintiff, MICHAEL BALLESTEROS (hereinafter "Ballesteros"), who alleges that he slipped and fell while shopping at Walmart on May 24, 2018.

### LEGAL STANDARD

"The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may

irretrievably affect the fairness of the trial." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. 2007). Accordingly, the function of a motion in limine is to "present a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." Id. (citing Schuler v. Mid-Central Cardiology, 313 Ill. App. 3d 326, 729 N.E. 2d 536, 246 Ill. Dec. 163 (Ill. App. Ct. 2000)); Smith v. Royal Caribbean Cruises, Ltd., 302 F.R.D. 688, 688-89 (S.D. Fla. Oct. 10, 2014). A trial court derives authority to rule in limine from its inherent power to manage trial and should exercise that power where evidence is clearly inadmissible for any purpose. Soto v. Geico Indem. Co., 2014 WL 3644247 *1 (M.D. Fla. 2014).

## MEMORANDUM OF LAW

Plaintiff has identified David M. Gill as an expert in identifying areas prone to slip-and-fall incidents. (See Plaintiff's Disclosure (DE 33-1); Gill Report (DE 33-2).Pursuant to Gill's Report, Gill is anticipated to testify that the floor in the area of Plaintiff's incident was wet, unduly susceptible to falls, and caused Plaintiff's incident. (DE 33-2). On November 4, 2020, Gill attended his deposition. Following his deposition, Defendant Walmart timely filed its *Daubert* Motion to Preclude the Testimony and Opinions of Gill on the basis that he was not qualified, that his opinions were unreliable and unhelpful to the jury. [DE 33]. The Court denied Defendant's Daubert Motion, holding that Gill was qualified, that his opinions were reliable, and that Gill's opinions would be helpful to the jury. [DE 56]. The Court

reasoned, "[t]he record is full of facts on which Gill could rely to testify that, if wet, the flooring was unsafe." However, while the Court held that Gill's ultimate testimony on the "properties of VCT flooring and perhaps a probable COF based on other data," was not subject to exclusion under *Daubert,* it still is not admissible.

Federal Rule of Evidence 702 governs the admissibility of expert evidence. The Eleventh Circuit has held "expert testimony relating to the [coefficient of friction] of a flooring surface can be helpful to a jury in a slip and fall case." Sorrels v. NCL (Bahamas) Ltd., 796 F.3d 1275, 1281–82 (11th Cir. 2015) (alteration added) (citing Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1194 (11th Cir. 2011) ("[M]atters of slip resistance and surface friction are 'beyond the understanding and experience of the average lay citizen.'" (alteration added))). "In slip and fall cases involving an allegedly dangerous or defective surface, the question of liability sometimes turns on (or is at least informed by) the surface's coefficient of friction (COF), which is, in layman's terms, 'the degree of slip resistance.'" Id. at 1278–79 (citation omitted). Yet, evidence as to the properties of the subject flooring and the probable coefficient of friction, must be reliable and relevant to be admissible. See Jaquillard v. Home Depot U.S.A., 2012 WL 527421 (S.D. Ga. Feb. 16, 2012) (allowing testimony from plaintiff's expert for which he is qualified but excluding any testimony pertaining to the cause of the incident due to the expert's lack of coefficient testing and analysis).

    **I.    To exclude evidence as to the general properties of VCT flooring and probable coefficient of friction.**

According to Gill's deposition testimony, Gill will opine that VCT flooring is not inherently dangerous but that if the surface becomes wet, it becomes inherently dangerous. (See Deposition of Gill, (DE 33-3)). Gill testified his opinion is based upon "the amount of surface testing I've personally conducted on VCT." (DE 33-3 at 26:15-18). Yet while Gill claims that he has performed coefficient of friction testing 'countless times' on similar VCT flooring, including at other Walmart locations, he fails to cite any of his purported prior testing results on VCT flooring which would support his conclusions. [DE 40, p. 22, ¶14]. What's more, Gill admits that COF testing results can vary depending on whether anti-slip application was applied to the surface. [DE 40, p. 22, ¶14]. Absent the purported testing results, "evidence" as to the general properties of the flooring, or the probable coefficient of friction is inadmissible. See Rosenfeld v. Oceania Cruises, Inc., 654 F. 3d 1190 (11th Cir. 2011) ("[a] qualified expert who uses *reliable* testing methodology may testify as to the safety of a defendant's choice of flooring, *determined by the surface's coefficient of friction*") (*emphasis added*); Alsip v. Wal-Mart Stores East, LP, 658 Fed. Appx. 944 (11th Cir. 2016) (opinion of slip-and-fall prevention industry expert, that defendant's crosswalk was not slip resistant with industry standards, was not based on reliable methodology and, thus, was not admissible where expert admitted that he did not know actual slip resistance of crosswalk at time of incident and that the only way to determine slip resistance was to conduct precise, contemporaneous test).

Defendant recognizes that reliance on industry coefficient of friction standards may be acceptable in some instances (i.e. Sorrels v. NCL (Bahamas) Ltd., 796 F.3d

1275, 1281–82 (11th Cir. 2015); Garlarza v. Carnival Corporation, 2016 WL 7507883 (S.D. Fla. August 8, 2016) yet here those industry standards are missing. In his Report, Gill merely cites to ASTM International F1637-13 as an apparent "industry standard" to note that it "applies to all pedestrian walkways or anywhere an individual can be reasonably expected to be walking. The requirements of this section provide the minimum standard of care for the maintenance of a walking surface. The section requires that all walkways be slip-resistant under expected environmental conditions and use. Interior walkways that are not slip-resistant when wet shall be maintained dry during periods of pedestrian use". (DE 33-2). However, ASTM's own website expressly states, "ASTM standards are voluntary in that we do not mandate their use." Additionally, Gill fails to explain his reliance on these voluntary "standards" and establish their reliance and applicability in this case.

II. **To exclude evidence of materials and data not relied on in forming opinion.**

On March 2, 2020, this Court entered its Case Management and Scheduling Order setting forth all deadlines in this matter, including Plaintiff's deadline to disclose expert reports as October 1, 2020. [DE 25]. Pursuant to the Case Management and Scheduling Order, "counsel and all parties (represented and pro se) must comply fully with this Scheduling Order… [d]eadlines may be modified only for good cause and with the judge's consent." [DE 25]. Gill testified that after he finalized his report, he inspected the premises and reviewed Plaintiff's deposition testimony. [DE 33-3 at 12:17-22). Gill further testified that he did not rely on the inspection or testimony in forming his opinions. (DE 33-3 at 13:2-7). Because it did not play any

part in the formation of Gill's opinions, Gill should not be allowed to bolster his opinions with evidence from the inspection, including any findings/data obtained during such inspection, or information or data which came from the deposition of Ballesteros[1].

But there is more, the inspection of the premises was taken in complete disregard of the Court's Scheduling Order and without any notice to the Defendant. Plaintiff's first request for Gill to inspect the flooring and conduct coefficient of friction testing at Walmart came on October 7, 2020, after the deadline for Plaintiff to disclose expert reports, and after Plaintiff had *already* provided his Rule 26(a)(2) Expert Disclosure which included Gill's report. Upon receipt of Plaintiff's request, Defendant's counsel advised that the deadline for Plaintiff's expert disclosures had passed and the premises could not be inspected for purposes of Gill amending or supplementing his report. [DE 40-3]. At no time thereafter did Plaintiff seek court intervention to permit the requested discovery. Because Gill inspected the premises with complete disregard for this Court's scheduling order and Defendant's clear position on the matter of the inspection, the Court should exclude any reference to the inspection or facts/data observed during same.

---

[1] For example, Gill testified that the Plaintiff's deposition testimony was consistent with what was observed in the surveillance video, which in turn supported his conclusions. (DE 33-3 at 30:10-31:21; 35:16-20; 46:23-47:18).Yet, at the time of making his conclusions he was not in possession of the deposition testimony and it was not relied upon in forming his opinions. Gill further testified that he learned from the deposition that there was inclement weather at the time of the alleged incident. (DE 33-3 at 34:15-24).Gill should not be permitted to testify, comment or otherwise bolster his opinions with information that he did not rely upon.

A party wishing to enter designated land for purposes of inspection should follow the procedure set forth in Rule 34. See, e.g. Macort v. Goodwill Industries-Manasota, Inc., 220 F.R.D. 377 (M.D. Fla. 2003). Here, Gill visited the premises without permission or notice to the undersigned counsel, failed to identify himself as an expert to Walmart, and proceeded to inspect the area related to this pending legal matter. Based upon the foregoing, any reference to the inspection, findings or data obtained during the inspection **and** Gill's opinions and conclusions arising thereof should be excluded due to Plaintiff's failure to follow Fed. R. Civ. P. 34, which denied Walmart the procedural safeguards put in place by Congress to ensure that discovery inspections are conducted in a fair and reasonable manner such that the evidence gleaned from such inspections can be reasonably relied on in court. Because Walmart could not be represented at the inspection by counsel or its own expert, the reliability, accuracy, and fairness of the "inspection" is in question. Therefore, it would be unfair to allow Plaintiff's expert to rely on this "inspection" to offer any expert opinion at trial.

   III.   **To Exclude Testimony and Opinions Regarding Lighting Conditions**

Gill concluded that the lighting conditions reflected onto the floor, making it difficult to see a clear liquid substance. (DE 33-2; DE 33-3 at 31:16-21; 35:5-15).First, in explaining the basis for this opinion Gill improperly relies on the deposition testimony of the Plaintiff to conclude that the alleged liquid substance was clear.

> **Q:   Do you have any evidence that the liquid Mr. Ballesteros slipped in was actually clear?**

> A: Other than he – stating that he saw footprints. I don't believe he stated that the liquid had any color.

(DE 33-3 at 35:16-20).

Again, because Gill was not in possession of Plaintiff's deposition testimony at the time he formed his opinions, any reliance on the testimony of Plaintiff to support those opinions is improper and such opinions/conclusions should be excluded. *Supra*. Moreover, Gill is not qualified to offer opinions on the lighting, its visual effects of the human perceptions from same as he has no training in human factors or biomechanics which would allow him to offer opinions on the lighting conditions. (DE 33-3 at 35:21-36:10). Based on the foregoing, any opinions that "lighting is maximized to enhance the desired WET-LOOK," or that "[these floors] represent a visual identification problem" making "it difficult for both consumers and associates to identify [clear liquid contaminants]," should be excluded.

IV. **To Exclude Testimony on Legal Opinions and Legal Conclusions.**

Here, Gill concludes that Walmart breached its duty of reasonable care to Plaintiff. (DE 33-2). While Rule 403(a), provides that an expert opinion is not objectionable just because it embraces an ultimate issue, testifying experts may nonetheless not offer legal conclusions. An expert may opine on an issue of fact, but may not give testimony stating ultimate legal conclusions. It would be improper and overly prejudicial to allow Gill to offer an opinion that merely tells the jury what result to reach. Cendan v. Trujillo, 2020 WL 6149800, at *5 (S.D. Fla. Oct. 20, 2020) citing Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990).

Nor may a witness testify as to the legal implications of conduct. Id. Here, Gill does just that when he concludes that Walmart breached its duty of reasonable care to Plaintiff, and as such, Gill should be precluded from offering any legal conclusions or comment on the legal implications of Defendant's conduct.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant, WAL-MART STORES EAST, LP, respectfully request this Honorable Court enter an Order Granting its Motion in Limine Regarding Testimony of Gill on the issues stated above, and otherwise awarding any further relief deemed just and appropriate under the circumstances.

## CERTICIATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned counsel hereby certifies that counsel for the parties have conferred in a good faith effort to resolve the issues raised in the motion and that Plaintiff does not agree to the relief sought herein.

Respectfully submitted,

**/s/ Amanda J. Sharkey Ross**
Amanda J. Sharkey Ross
Madison A. Tanner

I HEREBY CERTIFY that on July 7, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy of the foregoing to the following:

Alexander R. Hunt, Esquire
FBN: 50206
Kaitlin Stapleton, Esquire

FBN: 125130
Goldman & Daszkal, P.A.
1630 West Hillsboro Boulevard
Deerfield Beach, FL 33442
Telephone: 954.428.9333
Facsimile: 954.428.9338
Service.hunt@gdinjurylaw.com
mgreenberger@gdinjurylaw.com
Attorneys for Plaintiff

**/s/Amanda J. Sharkey Ross**
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MADISON P. ALLEN
Florida Bar No. 1011247
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone: 239.344.1263
Fax: 239.344.1539
Attorneys for Defendant
Amanda.ross@henlaw.com
tracey.salerno@henlaw.com
madison.allen@henlaw.com
susan.peters@henlaw.com