# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MICHAEL BALLESTEROS,

    Plaintiff,

v.                                                Case No: 2:19-cv-881-SPC-NPM

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## **ORDER**[1]

Before the Court are two Motions in Limine filed by Defendant Wal-Mart Stores East, LP. (Docs. 58; 59). Plaintiff Michael Ballesteros responded in opposition (Docs. 63; 64). The Court grants and denies in part.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Id.* (cleaned up).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Court takes each Motion in turn.

**A. Omnibus Motion**

To start, Walmart wants the Court to keep out seven types of comments. The parties agree on three: they will neither mention settlement discussions, invoke the "Golden Rule" (asking jurors to put themselves in Ballesteros' shoes), nor ask the jury to teach Walmart a lesson or send a message. Given the parties' agreement, the Court grants the Motion (as to paragraphs 1, 4, and 5). The four disputed categories follow.

First, Walmart seeks to exclude any discussion of law during voir dire and opening statements. This "is not the stuff of a motion in limine." *See Whitmer v. Target Corp.*, No. 3:09-cv-962-J-32JBT, 2011 WL 13143581, at *1-2 (M.D. Fla. Feb. 16, 2011). The Court will conduct voir dire—as it does in every case. And to the extent that Ballesteros improperly states the law, Walmart will need to make any appropriate objections at trial. That said, the bulk of the opening statements and closing arguments should focus on the facts as the Court will instruct the jury on the appropriate law to consider in this case. The Court denies the Motion (as to paragraph 2).

Second, Walmart seeks to exclude mention of the parties' respective financial resources. Broadly speaking, the Court agrees: "The general rule is that, during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the

other's." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (cleaned up). So the Court grants the Motion (as to paragraph 3). If the parties' financial resources become relevant, Ballesteros can raise the issue outside the jury's presence.

Third, Walmart seeks to exclude reference to other lawsuits. On this limited record, the Court cannot resolve the dispute. Other slip-and-fall lawsuits *may be* relevant and admissible. *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1287-89 (11th Cir. 2015); 1 Robert P. Mosteller, *McCormick on Evidence* § 200 (8th ed. 2020). Yet neither party provides any description of the prior suits they dispute. So the Court denies the Motion (as to paragraph 6). If necessary, the parties can raise this issue again outside the jury's presence.

And fourth, Walmart seeks to exclude efforts to bolster Ballesteros' witnesses. Like above, this is not a true motion in limine. "A court may exclude evidence as improper bolstering when the purpose of the evidence is to vouch for a witness's credibility." *Garcia v. GEICO Gen. Ins.*, 807 F.3d 1228, 1234 (11th Cir. 2015). But Walmart fails to identify any specific evidence it would like excluded. And it will need to make any appropriate objections at trial. So the Court denies the Motion (as to paragraph 7).

## B. Expert Motion

Next, Walmart seeks to exclude some testimony of Ballesteros' expert (David Gill). The Motion proceeds in four parts.

First, Walmart seeks to exclude Gill's testimony on general properties of vinyl composite tile flooring and probable coefficient of friction. The Court addressed and rejected this argument when ruling on a *Daubert* motion. (Doc. 56 at 6). Walmart's challenge goes to weight and credibility—matters better left for cross examination. *See Galarza v. Carnival Corp.*, No. 15-24380-CIV-ALTONAGA/O'Sullivan, 2016 WL 7507883, at *3-4 (S.D. Fla. Aug. 8, 2016); *Sorrels,* 796 F.3d at 1282-85. So the Court denies the Motion (as to section 1).

Second, Walmart seeks to exclude evidence and data Gill did not rely on to form his opinion. Specifically, it identifies Ballesteros' deposition and Gill's late inspection of the store as matters on which Gill should not be able to testify. On the latter, the Court agrees.

Gill's inspection came after forming his opinions, beyond the expert disclosure deadline, and without any notice to Walmart. There is a procedure for inspecting property. Fed. R. Civ. P. 34. Ballesteros did not follow it. Instead, Gill went to the store unannounced to inspect the store's floor over two years after the incident. Gill cannot testify about that visit without imposing incurable prejudice on Walmart.[2] *See Martinez v. Gorokhovsky*, No.

---

[2] Notably, it appears the delay in seeking an inspection was largely Ballesteros' fault. He hired Gill as his expert *the same day* his expert disclosures and reports were due. (Doc. 33-3 at 12). And Ballesteros never sought to compel an inspection.

05-21657-CIV-SEITZ/MCALILEY, 2006 WL 8433158, at *1-2 (S.D. Fla. Apr. 7, 2006). So the Court grants the Motion in part (as to section 2).

For Ballesteros' deposition, any objections are better addressed at trial, if necessary. As the Court stated, "An expert may base an opinion on facts or data in the case that the expert has been made aware of." Fed. R. Evid. 703. In ruling on a *Daubert* motion, the Court addressed whether Gill could testify regarding liquid on the floor and its effects. The Court did not rule on other matters identified in Ballesteros' deposition. To any matters it believes improper, Walmart can object as the evidence is offered. So the Court denies the Motion in part (as to section 2).

Third, Walmart seeks to exclude Gill's testimony on lighting conditions. It says Gill relies on Ballesteros' testimony of the liquid being clear, which Gill did not know when forming his opinion. What's more, Walmart contends Gill is unqualified to discuss lighting or its effects on perception because he has no training in human factors or biomechanics. In his expert disclosure and report, Gill identified the effect "WET-LOOK" floors could have on seeing clear liquids. Even if Gill could not rely on Ballesteros' deposition, he could testify hypothetically on whether such flooring makes it difficult to see clear liquid. As for Walmart's single-sentence challenge to Gill's qualifications, it falls short. The fact Gill does not have training in human factors or biomechanics does not render him unqualified to opine on whether it would be hard to see a

clear substance on specific flooring—a type he is familiar with and qualified to discuss. So the Court denies the Motion in part (as to section 3).

And fourth, Walmart seeks to exclude Gill's opinions and conclusions on ultimate issues of law. An expert can offer an opinion on the "ultimate issue" in civil cases. Fed. R. Evid. 704(a). But experts cannot "testify to the legal implications of conduct or tell the jury what result to reach." *Commodores Entertainment Corp. v. McClary*, 879 F.3d 1114, 1128 (11th Cir. 2018) (cleaned up). As "the jury's only source of law," the Court "must remain vigilant against the admission of legal conclusions." *Id.* at 1128-29 (cleaned up).

Even so, an expert's testimony may be admissible to establish matters embracing an ultimate issue, like the applicable standard of care. *E.g.*, *McDonnell v. Brown*, 392 F.3d 1283, 1294-97 (11th Cir. 2004). To the extent that Gill plans to testify on ultimate legal conclusions or simply tell the jury which way to rule, such testimony will be excluded. *Webb v. Carnival Corp.*, 321 F.R.D. 420, 425-26 (S.D. Fla. 2017). Yet to the extent that Gill testifies in a way that merely "embraces an ultimate issue," such testimony will be allowed if otherwise proper. *Id.* at 426-27. While statements such as "Walmart was negligent" or "Walmart breached its duty of care" will be excluded, closer calls will need to be addressed as they arise at trial. *Id.* So the Motion is granted in part (as to section 4).

Accordingly, it is now

**ORDERED:**

1. Defendant's Omnibus Motion in Limine (Doc. 58) is **GRANTED and DENIED in part**.

    a. The Motion is **GRANTED** as to paragraphs 1, 3, 4, and 5.

    b. The balance of the Motion is **DENIED**.

2. Defendant's Motion in Limine Regarding Testimony of Plaintiff's Liability Expert, David M. Gill (Doc. 59) is **GRANTED and DENIED in part**.

    a. The Motion is **GRANTED in part** as to sections 2 and 4.

    b. The balance of the Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record