# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MICHAEL BALLESTEROS,

    Plaintiff,

v.                                Case No: 2:19-cv-881-SPC-NPM

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Plaintiff Michael Ballesteros' Motion for remote testimony (Doc. 69). Ballesteros wants his treating physician to testify remotely at trial next week. In support, Ballesteros argues the doctor works mostly in Palm Beach County and has patient appointments scheduled next week. What's more, remote testimony by Zoom will not prejudice either party, says Ballesteros, because it is functional and reliable. Defendant Wal-Mart Stores East, LP responded in opposition (Doc. 71). The Motion is denied.

"At trial, the witnesses' testimony must be taken in open court." Fed. R. Civ. P. 43(a). The Rules prefer live, in-person testimony. *Id.* at advisory

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). Yet Rule 43(a) allows "testimony in open court by contemporaneous transmission from a different location" if a party shows "good cause in compelling circumstances and with appropriate safeguards." This is a permissive exception to the in-person rule. *Eller v. Trans Union, LLC*, 739 F.3d 467, 478-79 (10th Cir. 2013). But it isn't applied willy-nilly.

Good cause and compelling circumstances usually require the "most persuasive showings." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. Such a showing may arise when a witness cannot "attend trial for unexpected reasons" like an "accident or illness." *Id.* Remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Id.* There is no technology to date that can substitute for a juror looking a witness in the eyes. *See Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005). So federal courts place a significant emphasis on in-person testimony. Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.").

Ballesteros provides no convincing reason to permit remote testimony. Even if travel could establish good cause—which it generally can't—a short trip across Alligator Alley is not enough. Likewise, the doctor's unspecified

appointments with patients next week do not to show good cause. *Powers v. Target Corp.*, No. 19-cv-60922-BLOOM/Valle, 2020 WL 8970607, at *2 (S.D. Fla. Mar. 9, 2020) (holding "entirely foreseeable inconvenience" of a doctor "having to interrupt his busy schedule to attend trial in person" is not good cause). The Court set this case for a date certain almost two months ago. On this briefing, nothing unexpected occurred that would warrant permitting remote testimony.

A recent case is instructive. *Novello v. Progressive Express Ins.*, No. 8:19-cv-1618-KKM-JSS, 2021 WL 1751351, at *1-2 (M.D. Fla. May 4, 2021). There, Judge Mizelle rejected remote testimony of a witness who lived over a thousand miles from the courthouse. She held "mere inconvenience or expense or logistical difficulties associated with travel falls short of suppling the requisite good cause under Rule 43(a)." *Id.* at *2. The result here is the same.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion to Allow Dr. Robert Norton to Testify at Trial via Video Conferencing/Zoom in lieu of Live Appearance (Doc. 69) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3